**Curtis C. OLIVER, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 90–3774.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1992.

Decided April 23, 1992.

Steven O. Ross, Chicago, Ill. (argued), for petitioner-appellant.

Linda S. Chapman, Larry A. Mackey, Asst. U.S. Attys., John Earl Dowd (argued), Indianapolis, Ind., for respondent-appellee.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In 1973, Curtis C. Oliver pleaded guilty to two related federal bank robbery charges. *See* 18 U.S.C. § 371 (conspiracy to commit bank robbery) and § 2113(d) (bank robbery). Over seventeen years later, he challenged that plea as not knowingly, intelligently or voluntarily entered and asked that his sentence for those crimes be vacated pursuant to 28 U.S.C. § 2255. Additionally, Oliver sought appointed counsel in his section 2255 proceeding pursuant to 18 U.S.C. § 3006A. The district court denied both of Oliver's motions and he appealed. For the reasons that follow, we now affirm.

## I.

Oliver signed a petition to enter a plea of guilty on his federal bank robbery charges on March 26, 1973. The four-page petition explained the charges against him as well as the substantial rights that he would waive by pleading guilty. After addressing Oliver in open court, the district court accepted Oliver's plea and adjudged him guilty on April 9, 1973. The court then sentenced Oliver to a twenty-five year term, which he has not yet begun to serve because he is serving a life sentence that was imposed by the State of Indiana for murder. Oliver was represented by appointed counsel from the time of his initial appearance through sentencing in the bank robbery proceeding. Oliver's counsel certified his guilty plea as voluntarily and understandingly made and in accord with his understanding of the facts as related to him by Oliver. Oliver did not appeal his conviction or his sentence.

In February 1987, Oliver filed a "motion for records of proceedings" seeking a transcript of his guilty plea and sentencing. The district court denied that motion because Oliver did not have a post-conviction motion presently before the court and informed him that he must first file a section 2255 motion. *See United States v. Mac-Collom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). Oliver then filed his section 2255 motion on January 5, 1990 alleging that his guilty plea is constitutionally infirm because it was not knowingly, intelligently and voluntarily entered. Specifically, he alleged that he was not advised of his right to confront his accusers and his right against self incrimination. Oliver again sought production of his guilty plea and sentencing transcript.

Prior to ruling on Oliver's section 2255 motion, the district court ascertained whether any transcripts were available. The court reporter assigned to Oliver's case, who is now employed elsewhere, notified the court that all records are maintained in Indianapolis with the district court. The district court then ordered the Clerk to report on the existence of the tapes. By affidavit, the Clerk responded that after a diligent search, no tapes for either of the proceedings could be located within the records of the court. R. 6. Additionally, the United States asserts that the records of the United States Attorney are destroyed after ten years. *See* 28 U.S.C. § 753(b) (records shall be preserved for not less than ten years). Thus, the district court concluded that "there is no means or material from which a transcript of the hearings can be produced." R. 29 at 6.

The district court denied Oliver's section 2255 motion without a hearing on two grounds. First, the district court found that Oliver had procedurally defaulted his claim by failing to raise it on direct appeal and had "failed to show either cause for or prejudice from his procedural default." R. 29 at 8. Furthermore, the district court found that Oliver's delay in filing his section 2255 motion was unreasonable and prejudicial to the government and was thus barred by the doctrine of laches. *Id.* The district court also denied Oliver's request for appointed counsel.

## II.

We begin our discussion by noting that our inquiry in this case is a narrow one. Collateral relief is available to Oliver under section 2255 only if any legal error in taking Oliver's guilty plea is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Haase v. United States*, 800 F.2d 123, 126 (7th Cir.1986) (citing *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974)); 28 U.S.C. § 2255. Furthermore, Oliver must show cause for and prejudice from his failure to challenge his guilty plea on direct appeal to avoid being barred from raising this claim in a section 2255 petition. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991); *Theodorou v. United States*, 887 F.2d 1336, 1339–40 (7th Cir.1989); *Williams v. United States*, 805 F.2d 1301 (7th Cir.1986), *cert. denied*, 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987). Oliver asserts that he did not file an appeal because of ineffective assistance

of counsel. He further contends that he did not know that he could appeal and did not learn that he could challenge his guilty plea until his brother was assigned to the same prison and discussed the matter with him.[1]

Oliver's first obstacle is that counsel's ineffectiveness will constitute "cause" only if it is an independent constitutional violation. *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991). Thus, Oliver must establish that his counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370–371, 88 L.Ed.2d 203 (1985) (applying *Strickland* standard to challenges to guilty pleas based on ineffective assistance of counsel). Oliver has presented no grounds which would lead us to the conclusion that his counsel's failure to appeal was an error so serious as to deprive him of the counsel guaranteed by the Sixth Amendment. He does nothing more than state conclusory allegations of attorney error. Counsel will not be found ineffective per se for failure to appeal an appealable judgment. *See Clay v. Director, Juvenile Div., Dept. of Corrections,* 749 F.2d 427, 436 (7th Cir.1984) (Posner, J., concurring), *cert. denied,* 471 U.S. 1108, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985). Furthermore, even

if Oliver did not appeal his conviction or sentence because he did not know he could appeal, this alone is insufficient to show the "cause" necessary to overcome a procedural default. A defendant must take an interest in his own defense. *Henderson v. Cohn,* 919 F.2d 1270, 1272 (7th Cir.1990); *see also Coleman v. Thompson,* 111 S.Ct. at 2566 ("cause" requires showing some impediment "external" to the petitioner). Because we conclude that the district court was correct in finding that Oliver is unable to show cause for his procedural default, we need not reach the issue of whether Oliver is able to establish prejudice.[2]

As an alternative basis for its decision, the district court found that the doctrine of laches also barred Oliver's action for relief under section 2255. This doctrine requires more than mere delay— the petitioner's delay must be inexcusable as well as prejudicial to the government. *Rizzo v. United States,* 821 F.2d 1271 (7th Cir.1987); Rule 9(a), 28 U.S.C. foll. § 2255. The district court found that Oliver's seventeen-year delay in bringing his section 2255 action prejudiced the government in its ability to respond to the merits of Oliver's allegations because of its destruction of records after ten years and the unavailability of any other means of producing transcripts of the guilty plea and sentencing.[3] As to Oliver's excuse for delay, we have already determined that the district court justifiably found that delay unreasonable. *Cf. United States v. Darnell,* 716

---

1. This claim is dubious in light of the facts that Oliver's petition to enter a plea of guilty mentioned appeal rights and that he filed his first motion for production of transcripts in 1987, which was well before he claims he first became aware of the potential constitutional infirmity of his guilty plea. Thus, we find firm support in the record for the district court's conclusion that Oliver's approximately seventeen-year delay in bringing any challenge to his conviction was unreasonable.

2. One narrow exception to the cause and prejudice standard requires mention. The Supreme Court has warned that the cause and prejudice standard may yield in exceptional circumstances in which a constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982).

Oliver, however, does not suggest that he is "actually innocent" of the federal bank robbery charges and we discern no inkling of that possibility in the record. Thus, Oliver cannot partake of this narrow exception.

Similarly, neither does Oliver argue, nor does his case present, a question of a "complete miscarriage of justice." *See* 28 U.S.C. § 2255; *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974).

3. Oliver argues that the absence of a transcript prevents us from deciding whether his guilty plea was adequate under Rule 11. We note, however, that this is a collateral proceeding, rather than a direct criminal appeal, and reiterate our earlier admonition that "not every violation of Rule 11 is of a magnitude justifying relief under § 2255." *Haase v. United States,* 800 F.2d 123, 127 (7th Cir.1986). As we explained in *Haase,* the scope of Rule 11 does not equal the more limited scope of the constitution-

F.2d 479 (7th Cir.1983) (twenty-year delay supports application of laches), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1454, 79 L.Ed.2d 771 (1984). Thus, we agree with the district court that the doctrine of laches provides an alternative basis to support the denial of Oliver's section 2255 motion.[4]

[redacted] Last, Oliver argues that the district court erred in declining to appoint counsel for him in his section 2255 proceeding. We disagree. A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Rauter v. United States,* 871 F.2d 693 (7th Cir.1989). Rule 8(c) of the Rules Governing Section 2255 Proceedings, however, requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required. *See* Rule 8(c), 28 U.S.C. foll. § 2255. Here, the district court denied Oliver's section 2255 motion without a hearing,[5] so Oliver had no statutory right to counsel. And although the district court could have invoked its discretion to appoint counsel for Oliver under 18 U.S.C. § 3006A, our review of the record in this case reveals no abuse of that discretion in the district court's decision to deny Oliver's request for counsel. In making its decision, the district court correctly relied upon the absence of merit in Oliver's claims, the futility of further investigation, Oliver's proven ability to articulate and present his claim, and the straightforward nature of Oliver's claim. *See Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir.1983) (identifying relevant factors for discretionary appointment of counsel). Accordingly, we uphold the district court's decision to deny Oliver's request for appointed counsel as well.

III.

The judgment of the district court denying Oliver's section 2255 motion and his motion for appointment of counsel is AFFIRMED.

[redacted]

al requirement that a guilty plea be voluntarily and intelligently entered. *Id.*

4. Moreover, even were we to reach the merits of this action, a step we need not take because we have determined that the district court correctly denied Oliver's section 2255 motion on the bases of procedural default and laches, Oliver's claim would fail. We determine the constitutionality of a guilty plea according to the standard that was in use at the time of its entry. Accordingly, Oliver's 1973 guilty plea is governed by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which holds that a defendant must plead guilty voluntarily and with knowledge that in doing so he waives his privilege against self-incrimination, his right to jury trial, and his right to confront his accusers. *Id.* at 242–43, 89 S.Ct. at 1711–12. Because guilty pleas are generally accorded finality, once a guilty plea is entered the defendant bears the burden of showing that the plea was not made knowingly, voluntarily and intelligently. *United States v. Wildes,* 910 F.2d 1484, 1486 (7th Cir. 1990). We are not bound to look solely at the transcript of the plea hearing in making this constitutional determination, but look to all the surrounding facts and circumstances. *Henderson v. Morgan,* 426 U.S. 637, 644–47, 96 S.Ct. 2253, 2257–59, 49 L.Ed.2d 108 (1976); *Haase v. United States,* 800 F.2d 123, 127 (7th Cir.1986).

Although a transcript of proceedings is unavailable in this case, we are confident after a review of the record that Oliver waived his right to confront his accusers and his right against self incrimination voluntarily and intelligently. Oliver was represented by counsel throughout his entire criminal proceeding. He signed his petition to enter a plea of guilty more than forty-five days after his first appearance with counsel (February 14, 1973 to March 26, 1973), allowing ample time for Oliver to consider that plea. Oliver's petition indicates that he has a ninth grade education and is able to read, write and understand the English language, that he understands the charges against him, and that he has consulted with his attorney and is satisfied with his attorney's representation. Furthermore, the petition states that Oliver understands that he is entitled to plead "not guilty" and to enjoy the constitutional guarantees of, *inter alia,* the right to a speedy and public trial by jury and the right to see and hear all witnesses against him. The petition also states that Oliver offers his plea of guilty "freely and voluntarily and of [his] own accord." The surrounding facts and circumstances in this case satisfy us that Oliver's plea was made voluntarily and intelligently.

5. We agree with the district court that this case did not warrant a hearing. No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court. *United States v. Frye,* 738 F.2d 196 (7th Cir.1984).