996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold W. PIONTEK, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-3630.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided May 27, 1993.
Rehearing and Rehearing En Banc
Denied Aug. 2, 1993.
 
 Before POSNER, and KANNE, Circuit Judges, and PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Harold Piontek appeals from the district court's denial of his motion filed pursuant to 28 U.S.C. § 2255. We affirm.
 
 
 2
 Piontek was convicted of transporting stolen vehicles in violation of 18 U.S.C. § 2312 and of violating 18 U.S.C. § 2313, the sale or receipt of stolen vehicles. On direct appeal Piontek alleged violations of the Speedy Trial Act. Piontek then brought a motion under § 2255, raising a myriad of other claims before the district court. In denying Piontek's motion, the district court determined that in the absence of cause for failing to raise his claims on direct appeal and resulting prejudice, Piontek was barred from raising those claims in a motion under § 2255.
 
 
 3
 Piontek raises several claims on appeal. In this appeal, the only argument which merits extended discussion is Piontek's claim that the government withheld exculpatory evidence proving that someone else, rather than Piontek, was responsible for the theft of three of the vehicles.
 
 
 4
 Piontek argues that Rodney Miller had already been convicted for the theft of two 1982 Chevrolets and a 1982 Winnebago Motor Home. Piontek claims to have been unaware of this fact at the time of his trial, and he presents to us an affidavit from Rodney Miller which purportedly exonerates Piontek.
 
 
 5
 In order to challenge his conviction in a § 2255 petition, Piontek must show cause for and prejudice from failing to raise his claims on direct appeal. Oliver v. United States, 961 F.2d 1339 (7th Cir.), cert. denied, 113 S.Ct. 469 (1992); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989). This Piontek has failed to do.
 
 
 6
 Piontek argues that he has "overcome" procedural default by a showing of a fundamental miscarriage of justice based on newly discovered evidence that he is "actually innocent." A claim of "actual innocence" in a collateral proceeding must be accompanied by a Constitutional violation. Herrera v. Collins, 113 S.Ct. 853 (1993). Piontek attempts to disguise his "newly discovered evidence" as evidence which the government withheld in violation of Brady v. Maryland, 373 U.S. 83 (1963), but we are not persuaded. Although Piontek claims that the government withheld information of Rodney Miller's confession and conviction for Piontek's crime, he acknowledges that evidence of Miller's arrest for receiving and concealing stolen property was presented at Piontek's trial. Miller himself also testified at Piontek's trial; after answering a few questions concerning his arrest and his participation in the sale of the 1982 Winnebago and two Chevy pickups, Miller exercised his Fifth Amendment privilege and refused to answer subsequent questions. The trial record adequately shows that Miller's participation in the crime was known to the defense at the time of the trial. Piontek cannot now claim that the information was unavailable to him at the time of his direct appeal.[1]
 
 
 7
 Because Piontek has not demonstrated that the government withheld exculpatory evidence in violation of Brady v. Maryland, his claim that an "objective external impediment" prevented counsel from arguing Piontek's claims on direct appeal also must fail.
 
 
 8
 Piontek makes a vague allusion to ineffective assistance of counsel as another explanation for not raising the claim on direct appeal. He argues that if his lawyer knew about Miller and failed to investigate, then his performance would be ineffective. This argument has not merit.
 
 
 9
 Piontek must satisfy the two prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984) in order to prevail on his claim of ineffective assistance of counsel. Hollenback v. United States, No. 92-2439, slip op. at 4 (7th Cir. Mar. 8, 1993) (citations omitted). Piontek must prove that his attorney's performance was deficient and that the deficiency prejudiced his appeal. Id. Counsel's performance was deficient if it fell below "an objective standard of reasonableness." Strickland, 466 U.S. at 688. Piontek has made only a general allegation of ineffective assistance based on a hypothetical situation. He has not identified specific acts or omissions that fell outside the range of professionally competent assistance. Lilly v. Gilmore, No. 92-2097, slip op. at 4 (7th Cir. March 17, 1993).
 
 
 10
 Piontek lists several additional issues in his brief: "improperly admitted statements, unduly suggestive 'show up' identification in the courtroom, prosecutorial misconduct of providing erroneous information at the bond hearing, and codefendant disparity." His discussion of these claims is inadequate in that it does not "contain the contentions of the appellant with respect to the issues presented, and the reasons, therefor, with citations to authorities, statutes and parts of the record relied on." Fed.R.App.P. 28(a)(5). In the absence of any identifiable legal argument, we need not consider these claims. See Brooks v. Allison Div. of General Motors Corp., 874 F.2d 489 (7th Cir.1989).
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Furthermore, the evidence to which Piontek refers is not exculpatory. The evidence adduced at trial revealed that Piontek and Miller operated at different phases of the scheme to obtain stolen vehicles and resell them. Piontek has not presented evidence proving his innocence; there has been no miscarriage of justice