19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jaime LARA-VILLEGAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee,
 No. 91-3760.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 24, 1994.
 
 Before POSNER, Chief Judge, and BAUER, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 In 1989 Jaime Lara-Villegas (Villegas) entered a plea of guilty to one count of wire fraud, 18 U.S.C. Sec. 1341, and to three counts of causing interstate travel in furtherance of a scheme to defraud. 18 U.S.C. Sec. 2314. He was sentenced to a four year term of imprisonment on count one, to be followed by a consecutive term of five years of probation on the remaining counts.
 
 
 2
 On July 26, 1990,[1] Villegas filed a motion pursuant to 28 U.S.C. Sec. 2255, challenging the validity of the indictment and arrest, and claiming that his attorney had failed to file "a proper Rule 35(b) motion for reduction of sentence." Finding the indictment proper, the district court summarily dismissed this claim, but granted Villegas leave to amend his pleadings to conform his allegations of ineffective assistance to the requirements of Strickland v. Washington, 466 U.S. 668 (1984). In his amended Sec. 2255 motion, Villegas added several other grounds for vacating his sentence: his guilty plea was invalid; he was not given the opportunity to review and object to the presentence investigation report and thus was sentenced on the basis of inaccurate information in violation of due process; he was placed in double jeopardy by being sued in a civil matter and subsequently prosecuted criminally for the same conduct;[2] and his plea was coerced through the promise of a lenient sentence. Although Villegas had not appealed his conviction, the government addressed all of these claims.[3] The district court found Villegas' claims to be without merit and concluded that he had failed again to establish prejudice under the Strickland standard.
 
 
 3
 Villegas argues that the district court erred in summarily dismissing his Sec. 2255 motion without reviewing a complete record and without holding an evidentiary hearing.[4] That the district court may not have had a complete record when deciding Villegas' Sec. 2255 motion does not entitle him to a hearing, particularly when he fails to assert how the absent information was material. Ebbole v. United States, 8 F.3d 530, 534 (7th Cir.1993). Nor was a hearing needed when the district court had sufficient information based on its recollection of the case, the law, and the record before it to determine that Villegas had entered a knowing and voluntary plea. Id.; Oliver v. United States, 961 F.2d 1339, 1343 n. 5 (7th Cir.), cert. denied, 113 S.Ct. 469 (1992). Following the court's initial refusal to accept his plea, Villegas executed a document indicating his intent to plead guilty in which he acknowledged that he understood the rights he was waiving and expressly stated that his plea was not induced by threats, promises or other representations. After reading the factual basis set forth in the plea statement, the judge asked Villegas if he agreed that it was an accurate description. He stated that it was. He also indicated his understanding that the prosecutor was not a party to the "blind plea" and assured the court that no promises or threats were made to induce his plea.
 
 
 4
 Villegas now claims that his attorney induced his plea by promising Villegas that the judge would only impose a sentence of nine months' probation. But when the judge asked whether Villegas understood that the sentence decision was the judge's alone, Villegas responded that he did and did not mention the sentencing agreement his attorney had allegedly secured. Voluntary responses by a defendant carry a strong presumption of veracity, Politte v. United States, 852 F.2d 924, 931 (7th Cir.1988), and Villegas has offered no compelling reason to doubt the statements he gave under oath.
 
 
 5
 Villegas' plea of guilty precludes him from raising non-jurisdictional challenges to the constitutionality of his conviction. Tollett v. Henderson, 411 U.S. 258, 267 (1973). This includes his claim that his arrest and prosecution were the product of an conspiracy by the FBI. Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (an illegal arrest does not void a subsequent conviction); see Matta-Ballesteros v. Henman, 896 F.2d 255 (7th Cir.1990). Moreover, given the conclusory nature of this allegation and its tangential relationship to this case, the district court's decision not to hold an evidentiary hearing was proper. Oliver, 961 F.2d at 1343 n. 5. Although a plea of guilty does not bar a subsequent challenge to the constitutional validity of the indictment, United States v. DiFonzo, 603 F.2d 1260, 1263, (7th Cir.1979), cert. denied, 444 U.S. 1018 (1980); see United States v. Broce, 488 U.S. 563 (1989) (pleading guilty relinquishes right to challenge the factual elements of the indictment), not only is the indictment here clearly sufficient, but Villegas' claim that he and his attorneys were unaware of the fourth count is belied by the written plea statement as well as by the plea hearing transcript. See United States v. Spears, 965 F.2d 262, 279 (7th Cir.), cert. denied, 113 S.Ct. 502 (1992). Where the indictment is not found to be constitutional infirm, there can be no resulting "fundamental unfairness" due to counsel's performance in reliance on that indictment. Lockhart v. Fretwell, 113 S.Ct. 838 (1993); Hill v. Lockhart, 474 U.S. 52, (1985).
 
 
 6
 Finally, Villegas contends that he was not provided a timely opportunity to review the presentence report in order to correct its factual inaccuracies and therefore was sentenced on the basis of inaccurate information. We can discern no due process violation from the alleged factual errors that Villegas identifies in his brief. A statement as to one's trustworthiness, is not the kind of fundamental defect which inherently results in a complete miscarriage of justice." United States v. Johnson, 805 F.2d 1284, 1287 (7th Cir.1986) (Rule 32 violation raised on Sec. 2255). Because the alleged sentencing violations did not make Villegas sentence "unreliable or ... fundamentally unfair," counsel cannot be deemed ineffective for her role in sentencing. Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993).
 
 
 7
 Because petitioner's claims are without merit, the decision of the district court to deny Villegas' Sec. 2255 motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 At the time Villegas filed his Sec. 2255 motion he was serving a four year term of imprisonment. He has therefore met the "in custody" requirement under Sec. 2255. D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1145 n. 2 (7th Cir.1991), cert. denied, 112 S.Ct. 1196 (1992). The fact that Villegas is not currently incarcerated and may have completely served his sentence will not alone moot his Sec. 2255 motion. Because collateral consequences from a criminal conviction are presumed the motion is moot only if the government proves that there is no possibility that lingering disabilities might be suffered as a result of the challenged conviction. Maleng v. Cook, 490 U.S. 488, 492 (1988) (per curiam); Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985); D.S.A., 942 F.2d at 1146-48; see, e.g., Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991)
 
 
 [2]
 Double jeopardy protects against two criminal punishments. Cf. Helvering v. Mitchell, 303 U.S. 391 (1938)
 
 
 [3]
 Villegas may have defaulted many of these claims by failing to file a direct appeal, however, in responding to each of Villegas' claims, the government failed to assert procedural default and therefore has waived the waiver. Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991)
 
 
 [4]
 Villegas claims a motion requesting an evidentiary hearing is still pending before the district court. However, the denial of Villegas' Sec. 2255 motion necessarily denied the pending motion. Dunn v. Truck World Inc., 929 F.2d 311, 313 (7th Cir.1991)