19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Danny L. SLAVEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
Joseph W. PHILLIPS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 92-3662, 93-1444.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1994.*
Decided March 3, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Danny Slaven and Joseph Phillips present virtually identical issues on appeal from the denials of their section 2255 petitions, 28 U.S.C. Sec. 2255, and accordingly we consolidate the two appeals for disposition. Both Slaven and Phillips think that their federal drug convictions should be set aside because the offenses did not occur on property owned by the federal government, a fact that in their view leads to the conclusion the district court was without jurisdiction to convict and sentence them based on their guilty pleas. The district court found their jurisdictional arguments baseless, as do we, see Harrell v. United States, No. 91-2077, slip op. at 6 (7th Cir. December 30, 1993) (frivolousness is an independent jurisdictional basis for dismissing a suit), and procedurally barred.
 
 
 2
 Citing Art. I, Sec. 8, cl. 17, of the United States Constitution, Slaven claims that the government must prove "ownership of the 'places' where the alleged offenses occurred" "to sustain the convictions." Phillips makes a similar argument. They are both wrong. That clause grants Congress the exclusive power to legislate over the District of Columbia and all federal enclaves. Congress also has the power to enact criminal laws punishing conduct against the United States committed within the various states of the Union. See Logan v. United States, 144 U.S. 283 (1892).
 
 
 3
 Slaven entered pleas of guilty to conduct proscribed in sections 841(a)(1), 846 and 853 of Title 21 of the United States Code, as well as 18 U.S.C. Sec. 1956(a)(1)(B)(i). Phillips pleaded guilty to conduct violating 18 U.S.C. Sec. 924(c). All are offenses against the laws of the United States. And the district court clearly had jurisdiction of these cases under 18 U.S.C. Sec. 3231, which provides that the federal district courts have exclusive original jurisdiction over "all offenses against the laws of the United States."
 
 
 4
 All this said, the district court also correctly determined that Slaven and Phillips raised their claims too late. Neither challenged his guilty plea on direct appeal. Neither attempted to establish cause and prejudice for their default before the district court, and they similarly make no effort in this court. Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir.1992). The district courts' denials of Slaven's and Phillips' section 2255 petitions are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)