41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Raymond Gomez MENDOZA, Defendant/Appellee.
 No. 93-55523.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 18, 1994.
 
 Before: CANBY, LEAVY & T.G. NELSON, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court's denial of Raymond Mendoza's Motion to Vacate Order of Judgment and Conviction pursuant to 28 U.S.C. Sec. 2255. The district court did not err in dismissing Mendoza's motion without an evidentiary hearing because Mendoza's allegations, viewed against the record, failed to state a claim for relief.
 
 
 3
 This court reviews for abuse of discretion a district court's failure to hold an evidentiary hearing before denying a Sec. 2255 motion. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). An evidentiary hearing is required unless Mendoza's allegations viewed against the record fail to state a claim for relief or are so "palpably incredible or patently frivolous as to warrant summary dismissal." Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) (citation omitted). Because the record demonstrates the invalidity of Mendoza's claims, the district court did not err in dismissing the claims without an evidentiary hearing. Frazer, 18 F.3d at 781; Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991).
 
 
 4
 Because Mendoza pled guilty to the crime with which he was charged,[1] he is only entitled to relief under Sec. 2255 if any legal error in taking his plea is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir.), cert. denied, 113 S.Ct. 469 (1992) (citation omitted); see also United States v. Timmreck, 441 U.S. 780, 783-84 (1979).
 
 
 5
 Mendoza contends that his guilty plea was not "voluntary and intelligent," and therefore that its entry was not constitutional. In support of this claim, Mendoza alleges that he was not informed of the "true facts" at the time he entered his plea because he was not aware that Sheriff's personnel investigating him perjured themselves in affidavits used to support search warrants.
 
 
 6
 This allegation, even if true, would not support a determination that Mendoza's plea was entered in violation of the Constitution. In Mabry v. Johnson, 467 U.S. 504 (1984), the Court reaffirmed the rule that
 
 
 7
 a plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats ... misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper ...
 
 
 8
 Id. at 509 (citation omitted). Mendoza's constitutional right to be informed before entering a plea is thus limited to the right to be informed about the charges and the consequences of the plea. Mendoza's plea does not cease to be "voluntary and intelligent" by reason of his not being informed that police officers filed affidavits with false information to obtain search warrants used in his case. Mendoza's attack on the regularity of his guilty plea therefore fails.
 
 
 9
 Mendoza further argues, however, that a "fundamental defect which inherently results in a complete miscarriage of justice" occurred in his case. See Oliver, 961 F.2d at 1341. Mendoza alleged that the Los Angeles Sheriffs Department unit that investigated his case regularly engaged in illegal practices, and that one deputy involved in his case had testified that he left information out of an affidavit used to support a search warrant in Mendoza's case. In addition, Mendoza alleged that this deputy omitted from affidavits used to support search warrants in his case the fact that Mendoza's car had been stopped by police prior to his arrest. Finally, Mendoza alleged that prosecutors may have been aware of police misconduct when they were negotiating a plea agreement with Mendoza.
 
 
 10
 After expanding the record by holding an in camera hearing, however, the district court determined that the false information contained in search warrant affidavits was insignificant. The district court also determined that federal prosecutors were not aware of corruption within the Los Angeles Sheriff's Department unit that investigated Mendoza's case when they were negotiating a plea agreement with Mendoza. The record amply supports these determinations.
 
 
 11
 The district court acted within its discretion in determining that an evidentiary hearing was not necessary. It did not err in denying his motion.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 96-3
 
 
 [1]
 Mendoza pled guilty to a charge that he knowingly and intentionally possessed with intent to distribute approximately three kilograms of cocaine, a violation of 21 U.S.C. Sec. 841(a)(1)