Imari **CLEMONS**, Petitioner–Appellee,

v.

Eugene **MCADORY**, Warden,
Respondent–Appellant.

No. 02–2195.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 28, 2002.

Decided March 3, 2003.

Rehearing Denied April 14, 2003.

Before KANNE, DIANE P. WOOD, and EVANS, Circuit Judges.

### ORDER

In this case, we review the district court's judgment granting habeas corpus relief to Imari Clemons, who was convicted after a jury trial in an Illinois court on a charge of murder in the first degree. Clemons was tried before simultaneous but separate juries with a co-defendant, Lawson Davenport, and his conviction, along with Davenport's, was affirmed on direct appeal by the Illinois Appellate Court. *See People v. Davenport*, 301 Ill.App.3d 143, 234 Ill.Dec. 169, 702 N.E.2d 335 (1998). Although the decision from the appellate court was unfavorable, Clemons did not seek leave to appeal to the Illinois Supreme Court.

Five months after the Illinois Appellate Court rejected his appeal, Clemons filed a

petition for postconviction relief. The circuit court for Cook County dismissed the petition, and Clemons appealed to the Illinois Appellate Court. Subsequently, Clemons' appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In 2000 the Illinois Appellate Court granted counsel's motion and affirmed the judgment of the circuit court. Clemons' petition for leave to appeal that judgment was denied by the Illinois Supreme Court.

With these matters out of the way, the case moved to federal court, where Clemons' petition for a writ of habeas corpus was granted. In granting the writ, the district court ordered that Clemons be released from prison (he is serving a 59–year sentence) "unless the State retries and resentences him, as appropriate." This directive was stayed pending the State's appeal, which we resolve today. Because we conclude that the major claim upon which relief was granted should not have been considered because it was procedurally defaulted and the minor claim cannot support habeas relief on its merits, we reverse.

A jury found Clemons guilty of killing a boy, who was shot in the head with a .38 caliber hand gun as he was walking home from high school. The State's theory of the case was that Clemons, allegedly a member of the Black P Stones street gang, disguised himself as a member of the Stones rival gang, the Gangster Disciples, so he could infiltrate their territory and kill someone, thus improving his stature in the Stones. The two gangs were apparently "at war" at the time, and the shooting took place on a street near the "boundary" between their "territories."

During the trial, the State presented evidence regarding gang hierarchy, structure, and methods. At one point, a police officer, who was conceded to be a gang "expert," took Clemons, over his objection, to the well of the courtroom and had him display tattoos on his arm and chest, which the witness identified as being the symbols of the Black P Stones gang. The "gang" evidence and the tattoo display formed the basis of Clemons' claim for relief in federal court.

A defendant may only obtain federal habeas relief from a state court conviction where he establishes that the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). The law is clear that a federal district court may not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir.1999).

The major issue we must address is whether Clemons properly exhausted his state court remedies regarding the gang testimony and tattoo display. These claims were asserted in his direct appeal to the Illinois Appellate Court. But after they were rejected, Clemons did not, as we noted, appeal to the Illinois Supreme Court.

In his motion for postconviction relief in the state court, Clemons presented several arguments, but only two are pertinent at this time. He contended that his trial

counsel was ineffective because he failed to object to the tattoo display and make an offer of proof why the gang evidence should not have been admitted. He also argued that trial counsel was ineffective for failing to investigate and present mitigation evidence at sentencing. To repeat, the circuit court of Cook County denied this petition and, after Clemons appealed to the Illinois Appellate Court, an attorney who was appointed to represent him moved to withdraw, stating he could find no nonfrivolous grounds for appeal. The appellate court granted the attorney's motion and affirmed the ruling of the circuit court. Clemons unsuccessfully moved to file an appeal with the Illinois Supreme Court.

In federal court, the State argued that Clemons procedurally defaulted on his claim regarding the gang evidence and the tattoo display because he did not pursue the claim to the Illinois Supreme Court on direct appeal. The district court disagreed, finding that Clemons' petition for postconviction relief (which he pursued to the Illinois Supreme Court) fairly presented the claims. Ultimately, the district court granted Clemons' habeas petition as to his fair trial claim based on the introduction of the gang evidence and the tattoo display and his claim that his trial counsel was ineffective for failing to present mitigating testimony at sentencing.

▮ Although the district court found that the gang testimony and tattoo display claim was encompassed in Clemons' petition for postconviction relief, Clemons did not object to the display of his tattoos and the gang testimony based on fair trial concerns in his postconviction petition—he raised this claim under a theory of ineffective assistance of counsel. This is indicated in the headings he used in his memorandum.[1] In addition, Clemons' opposition to the state public defender's motion to withdraw makes clear that his claim was based on ineffective assistance of counsel. Clemons never brought his gang testimony/tattoo display fair trial claim before the Illinois Supreme Court, therefore he has procedurally defaulted on this claim. *See Rodriguez*, 193 F.3d at 917. To the extent that an ineffective assistance claim based on this evidence was properly before the district court, it is obviously without merit because trial counsel did object to the gang testimony and the tattoo display. For the above reasons, we must find that Clemons procedurally defaulted on his fair trial claim.

We may review a defaulted claim, however, if a petitioner shows cause for failure to raise it at the appropriate time and actual prejudice resulted from such failure. *See Wainwright v. Sykes*, 433 U.S. 72, 91,

1. All of Clemons' claims in his postconviction petition to the Illinois Supreme Court are under the heading "petitioner was denied his Sixth Amendment rights to the effective assistance of counsel at the trial level, as a result of trial counsel's failure in the following errors [sic]." Clemons discussed the gang testimony and tattoo display under the heading "trial counsel failed to object to evidence and remarks improperly put forth by the prosecution." He contended that trial counsel was ineffective for failing to submit an "offer of proof" as to why the evidence should not be admitted. In the introduction to his memorandum, Clemons stated that his rights to due process, effective assistance of counsel, and a free trial had been violated, but the rest of his memorandum was under an ineffective assistance of counsel heading and cited the legal standards for such claims. In the section that specifically dealt with the gang testimony and tattoos, Clemons discussed whether the evidence was admissible. This discussion, however, appears to go to establishing the prejudice that resulted from counsel's error (as required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))—not an independent constitutional claim.

97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397, (1986).

■ Clemons asserts that he did not exhaust his gang testimony/tattoo display claim because he is not smart enough to comply with court rules on his own, and he believed that his lawyer was preparing all the necessary paperwork for his appeal. These reasons are clearly insufficient. To show that counsel's ineffectiveness constitutes cause for a procedural default, Clemons must show that it is an independent constitutional violation. *See Oliver v. United States*, 961 F.2d 1339, 1342 (7th Cir.1992). Clemons has not presented any evidence that he asked his lawyer to file an appeal with the Illinois Supreme Court and that his lawyer failed to do so. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994). His argument is apparently that he did not know that he needed to pursue his appeal to the Illinois Supreme Court. As we have previously held, however, the fact that a defendant failed to appeal because he did not know that he could is insufficient to constitute cause necessary to overcome a procedural default. *See Oliver*, 961 F.2d at 1342. A defendant must take an interest in his own defense. *See id.*

■ Clemons also has not shown that a fundamental miscarriage of justice will occur if we do not hear his claim. Our case law is clear that relief is limited to situations where the constitutional violation has probably resulted in a conviction of someone who is actually innocent. *See Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir.

2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). To show "actual innocence," Clemons must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* As the Illinois Appellate Court held, the tattoo display and gang testimony were relevant to the State's theory of the case—that Clemons was a gang member and infiltrated a rival gang's territory so he could kill someone. Although the Illinois Appellate Court was troubled by the extraneous gang testimony regarding drug dealing, our review of the trial transcript does not indicate that this evidence alone would have caused a reasonable juror to convict Clemons. Clemons has not shown cause for his procedural default or established that manifest injustice will result if we fail to consider his claim on the merits. The district court erred in granting habeas relief on this claim.

We must also analyze whether the district court properly granted relief on Clemons' claim that trial counsel was ineffective for failing to put on mitigating testimony during sentencing.[2] Ineffective assistance of counsel claims are governed by the familiar two-part test set out in *Strickland.* To prevail, a defendant must establish that his attorney provided deficient representation and that he was prejudiced by his attorney's deficiencies.

■ The district court found that counsel's failure to investigate and put on testimony from Clemons' mother and brother at sentencing was deficient and that there was a reasonable probability that Clemons' sentencing would have been different if they had testified. We cannot agree. First of all, although Clemons argues that

---

2. The State does not argue that Clemons defaulted on this claim, and his postconviction petitions to the Illinois Appellate and Supreme Courts both state that he believes trial counsel was ineffective for failing to put on mitigating testimony during trial.

trial counsel did not investigate mitigating evidence for sentencing, the record indicates otherwise. At sentencing, trial counsel argued that Clemons had a difficult upbringing, only nonviolent crimes were in his criminal history, he wanted to get his high school diploma, he had been working odd jobs, and that he ultimately could be a useful citizen. Counsel raised many of the issues that Clemons contends he failed to investigate. In addition, there is no reasonable probability that the state court would have gone easier on Clemons if his mother and brother had testified. Their affidavits indicated that they would have testified that Clemons was a follower, illiterate, and an alcoholic. It is not unreasonable for counsel to decline to investigate or put on testimony that will be fruitless or even harmful. *See Burger v. Kemp*, 483 U.S. 776, 795, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987). There is no reasonable probability that this testimony would have changed the trial judge's opinion that Clemons failed to express remorse about his actions (he continued to deny committing the murder at sentencing) and blamed his problems on others. Trial counsel was not ineffective due to a failure to investigate or present mitigating evidence at sentencing.

For the reasons stated above, we REVERSE the judgment of the district court and REMAND with instructions that Clemons' habeas corpus petition be denied.