**John Albert KELLY,**
**Petitioner-Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 86–8619**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 6, 1987.

---

Hinton R. Pierce, U.S. Atty., Joe Newman, Asst. U.S. Atty., Savannah, Ga., for defendant-appellee.

Before HILL, KRAVITCH and ANDERSON, Circuit Judges.

**PER CURIAM:**

Appellant Kelly was tried in federal court in Georgia and convicted of four drug-related offenses, including possession with intent to distribute marijuana, conspiracy to possess with intent to distribute marijuana, importation of marijuana, and conspiracy to import marijuana. His conviction was affirmed on direct appeal to this court. *United States v. Kelly*, 749 F.2d 1541 (11th Cir.1985).[1] Kelly then brought this motion under 28 U.S.C. § 2255 to vacate his sentence, alleging that he received ineffective assistance of counsel. The district court, in a thorough and well-reasoned order, denied Kelly's motion. We affirm.

At his trial on the drug charges, Kelly was first represented by Rex Ryland, an attorney who also represented one of Kelly's codefendants. On Saturday, February 5, 1983, two days prior to the beginning of trial, Kelly decided to dismiss Ryland because he did not feel that Ryland was effectively pursuing his case. Later that day Kelly retained another attorney, Steven Kermish, who discussed the case with Kelly that night and obtained the file from Ryland the following evening. After the trial began, the government acknowledged that Ryland was a target of the continuing criminal investigation which had resulted in Kelly's indictment. Kermish moved for a continuance suggesting that some conflict of interest existed between Ryland and Kelly, but the district court denied that motion.[2] Kelly was ultimately convicted by a jury on all counts.

At the district court's evidentiary hearing on Kelly's section 2255 motion, Ryland and Kermish both testified regarding their involvement in a drug case, prosecuted subsequent to Kelly's Georgia trial, in federal court in Arizona. Ryland testified that he, Ryland, was convicted of several drug related offenses in the Arizona case. Kermish stated that at the same time he plead

---

1. For a complete recitation of the facts underlying appellant's conviction, see *Kelly*, 749 F.2d at 1543–44.

2. On direct appeal, this court held that the trial court did not abuse its discretion in denying the motion for a continuance. *Kelly*, 749 F.2d at 1550.

guilty to criminal charges and agreed to become a government witness. One of the defendants against whom Kermish testified in the Arizona case was his former client Kelly. Kermish further testified that he was hospitalized for cocaine addiction several months after Kelly's trial. He admitted that he used cocaine before and after Kelly's trial, and that he smoked marijuana during the trial.

On appeal Kelly presents several grounds in support of his ineffective assistance claim. First, he contends that there existed a conflict of interest between himself and both Kermish and Ryland. He further asserts that he suffered a total lack of counsel because Kermish had an inadequate opportunity to prepare a defense, and because Kermish's drug addiction diminished his capacity to conduct a defense. In addition, Kelly points to specific instances at trial where he alleges that Kermish's performance was deficient.

Kelly's conflict of interest claim is governed by *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In order to demonstrate a violation of his sixth amendment rights under this standard, Kelly "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 350, 100 S.Ct. at 1719. His remaining claims are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Kelly must first show that Kermish's performance was so deficient that it "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. In addition, Kelly must also show that the deficient performance actually prejudiced his defense, *i.e.*, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. The ultimate inquiry under the *Strickland* test is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064.

■ Although the events in this case raise the ugly specter of attorneys involved in criminal conduct with their clients, Kelly has failed to establish that an actual conflict of interest existed between himself and Kermish at the time of his Georgia trial. Kermish's testimony against Kelly in the Arizona case came *after* the conviction of which Kelly now complains. Moreover, Kermish's testimony against Kelly did not include any information learned as a result of the attorney-client privilege, nor did it relate to the specific drug smuggling activity which was the subject of this conviction. Thus, there is no evidence of any conflict of interest which adversely affected Kermish's performance during Kelly's Georgia trial. *See Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719.[3]

■ Kelly's claim that Kermish had an inadequate opportunity to prepare a defense also was properly disposed of by the district court. In *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the Supreme Court recognized that in extreme circumstances, even when "counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* at 659–60, 104 S.Ct. at 2047. The Court later noted, however, that "every refusal to postpone a criminal trial will not give rise to such a presumption." *Id.* at 661, 104 S.Ct. at 2048; *see also United States v. Mills*, 760 F.2d 1116, 1122 n. 8 (11th Cir.1985) (finding "little merit" in petitioner's argument that counsel must be presumed ineffective because he had only

---

**3.** Kelly also alleges that there existed a conflict of interest between himself and Ryland, apparently based upon his allegation that the government used his trial as part of an ongoing investigation against Ryland. However, Kelly offered no evidence that the government improperly transformed his trial into an investigation of his counsel. Additionally, this claim was not raised before the district court and therefore need not be considered on appeal. *United States v. Hosford*, 782 F.2d 936, 938 n. 1 (11th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986).

one day to prepare for trial). We are convinced that this case does not fall within the narrow exception recognized in *Cronic.* The fact that Kermish entered the trial at a late date is not in itself a sufficient basis to presume prejudice.

 Neither do we regard the fact of Kermish's drug addiction as sufficient in this case to meet the *Strickland* standard of ineffectiveness. The district judge found that "an overall review of the trial transcript does not reveal that Kermish was working under a diminished capacity. Generally, his objections or motions were timely and quite cogent." Distr.Ct.Order at 21. There being no specific evidence that Kermish's drug use or dependency impaired his actual conduct at trial, Kelly has not met his initial burden of showing that Kermish's representation fell below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064.

 Kelly's specific claims of his counsel's deficient performance at trial also are without merit. Kelly first complains that Kermish's cross-examination of the shrimp boat captain was "ludicrous" because it opened the door to damaging evidence which the government elicited on redirect examination. Kermish asked the captain where Kelly was when the captain opened a bale of marijuana and rolled himself a marijuana cigarette, and the captain answered that Kelly was sleeping at the time. On redirect, the prosecutor inquired about the captain's conversations with Kelly, to which the captain responded that Kelly "knew more than anyone else did." A strategic decision by defense counsel will be held to constitute ineffective assistance "only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir.1983), *cert. denied,* 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984). We agree with the district court that while hindsight reveals that Kermish's attempted defense may not

have been a wise strategy in light of the testimony subsequently elicited by the government, his strategy was not so unreasonable that no competent attorney would have chosen it.[4]

 Kelly also claims that Kermish was ineffective because he admitted Kelly's guilt on the importation charges during closing arguments. In his brief to the district court, however, Kelly stated that it was part of his trial strategy to admit guilt on the importation charges but to attempt to persuade the jury of his innocence on the distribution charges. Clearly, this was a reasonable argument to make considering the fact that Kelly was arrested on board a boat loaded with marijuana. *See Adams,* 709 F.2d at 1445.

In sum, the criminal conduct of both of Kelly's defense attorneys constitutes an embarrassment to the legal profession. Unfortunately for Kelly, however, Kermish's conduct *at this trial* does not constitute ineffective assistance of counsel under the *Cuyler* and *Strickland* tests. Accordingly, the judgment of the district court denying the writ is AFFIRMED.

---

**4.** In addition, Kelly contends that Kermish was ineffective because he failed to call a witness who allegedly would have impeached the captain's testimony. At the evidentiary hearing, however, Kelly could not recall the name of the

alleged impeachment witness and failed to provide any explanation as to how this witness would have affected the case. Thus, his allegation that Kermish was ineffective for failing to call this mystery witness is frivolous.