28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur S. JACKSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3782.
 United States Court of Appeals, Seventh Circuit.
 Argued July 6, 1994.
Decided July 18, 1994.
 
 Before BAUER, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Arthur Jackson, who was convicted by a jury of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. Sec. 846, interstate travel to facilitate unlawful activity, 18 U.S.C. Sec. 1952, and possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), alleges that trial counsel, Marc Polland, provided him ineffective assistance in violation of the Sixth Amendment. He also claims that defense counsel's cocaine use and subsequent drug conspiracy conviction gave rise to an actual conflict of interest which may have impaired counsel's performance. Without holding an evidentiary hearing, the district court denied Jackson's motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. On appeal, Jackson argues that the case should be remanded for an evidentiary hearing; alternatively, he asks that the district court's decision be reversed so that a new trial may be held. We affirm.
 
 
 2
 The filing of a Sec. 2255 motion does not automatically give the petitioner the right to an evidentiary hearing. Patel v. United States, 19 F.3d 1231, 1234 (7th Cir.1994); Ebbole v. United States, 8 F.3d 530, 534 (7th Cir.1993), cert. denied, 114 S.Ct. 1229 (1994). A hearing is not required if "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; Oliver v. United States, 961 F.2d 1339, 1343 n. 5 (7th Cir.), cert. denied, 113 S.Ct. 469 (1992).
 
 
 3
 To prove ineffective assistance of counsel, Jackson must establish that Polland's performance fell below an objective level of reasonableness, and that his attorney's errors were so serious as to deprive him of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993); Strickland v. Washington, 466 U.S. 648, 688, 694 (1984). He must overcome a strong presumption that the attorney provided competent representation. Strickland, 466 U.S. at 689; Precin v. United States, No. 93-3401, slip op. at 3 (7th Cir. May 6, 1994). Jackson claims that Polland's performance was deficient because Polland failed to file pretrial motions for exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), or Jencks Act material, see 18 U.S.C. Sec. 3500, and failed to timely file a Notice of Appeal.
 
 
 4
 The district court noted that "there is no need in this district to file discovery motions" because the U.S. Attorney's office has an "open file" policy and turns over relevant material to defense counsel as a matter of course. Jackson contends that this reasoning relied on facts outside of the record in violation of Rule 8 of the Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code [hereinafter "Section 2255 Rules "]. Jackson's argument has some merit. Rule 8 states, in part:
 
 
 5
 [T]he judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.
 
 
 6
 (emphasis added). The expanded record may include, "without limitation, letters predating the filing of the motion in the district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the judge." Rule 7, Section 2255 Rules. On appeal, neither party cites to any portion of the record where the "open file" policy is discussed, and the government did not rely on it to counter Jackson's claims before the district court. Furthermore, the mere existence of such a policy does not suggest that the filing of a pretrial motion is superfluous in every case. See United States v. Rivera, 6 F.3d 431, 440 n. 8 (7th Cir.1993) (appellant failed to explain how the "open file" policy of the U.S. Attorney's office relieved him of his obligation to submit at least an initial request for his co-defendants' statements), cert. denied, 114 S.Ct. 1098 (1994). Accordingly, the district court's statement that no discovery motions need be filed in that district is an inappropriate basis on which to dismiss Jackson's claim. It fails, however, on other grounds.
 
 
 7
 To state an ineffective assistance claim, the petitioner must identify specific acts or omissions by defense counsel that fall outside the range of professionally competent assistance. United States v. Herrera-Rivera, No. 91-2831, slip op. at 5 (7th Cir. May 25, 1994). Vague or general allegations are insufficient. Id. at 8. In United States v. Muehlbauer, this court found that defense counsel's failure to file any demands for exculpatory evidence did not constitute ineffective assistance because the defendant failed to demonstrate that the evidence existed or that it was withheld from counsel under the "open file" policy of the U.S. Attorney's office in the Eastern District of Wisconsin. 892 F.2d 664, 669 (7th Cir.1990). Similarly, Jackson does not allege that exculpatory evidence existed. Nor does he name any government witnesses that testified and whose statements may have been discoverable pursuant to 18 U.S.C. Sec. 3500.
 
 
 8
 Jackson also alleges that Polland used cocaine during his trial and as a result, rendered ineffective assistance of counsel. However, because Jackson does not indicate how his defense was prejudiced by Polland's alleged use of cocaine, he completely fails to satisfy the second prong of the Strickland test. Nor does Jackson provide a compelling argument as to why an attorney's alleged drug use and involvement in a criminal conspiracy should be considered a per se violation of a defendant's Sixth Amendment right.
 
 
 9
 Trial proceedings are presumptively unfair when the defendant is "denied counsel at a critical stage of his trial" or when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." United States v. Cronic, 466 U.S. 648, 659 (1984); United States v. Morrison, 946 F.2d 484, 500 n. 3 (7th Cir.1991), cert. denied, 113 S.Ct. 826 (1992). This court has recognized a per se Sixth Amendment violation in only one instance: where counsel has failed to take an appeal despite the defendant's request. Castellanos v. United States, No. 93-1287, slip op. at 2 (7th Cir. June 10, 1994). Indeed, the Supreme Court has cautioned that a per se rule should be applied only when it "will achieve the correct result in almost all cases." Coleman v. Thompson, 111 S.Ct. 2546, 2558 (1991); Stoia, No. 93-1736, slip op. at 8 n. 4; Bond v. United States, 1 F.3d 631, 636 (7th Cir.1993). Jackson does not contend that his attorney's performance was so deficient that he constructively had no counsel at all. The district court also noted that counsel for both defendants "did all they could in the face of significant evidence against the defendants."
 
 
 10
 Accordingly, we reject the notion that defense counsel's drug use constitutes per se ineffective assistance of counsel. See Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir.), (failure to indicate specific evidence of how attorney's drug use impaired his performance at trial did not satisfy Strickland 's prejudice standard), cert. denied, 484 U.S. 966 (1987); cf. Burnett v. Collins, 982 F.2d 922, 930 (5th Cir.1993) (failure to name specific instances during trial where counsel's performance was deficient due to alcohol abuse warranted dismissal of Sixth Amendment claim); Smith v. Ylst, 826 F.2d 872, 876 (9th Cir.1987) (defense counsel's alleged mental incapacity did not per se require reversal without showing of prejudice), cert. denied, 488 U.S. 829 (1988). The district court noted that Polland's judgment and performance during trial did not appear impaired despite his alleged use of cocaine. Because prejudice from counsel's performance was not alleged in the Sec. 2255 motion, Jackson is entitled to no relief and was properly denied an evidentiary hearing.
 
 
 11
 Perhaps to bypass the prejudice requirement, Jackson argues that Polland's drug use and participation in a cocaine conspiracy created an actual conflict of interest between them. Under Cuyler v. Sullivan, if the defendant demonstrates an actual conflict of interest and that this conflict adversely affected the attorney's performance, then prejudice is presumed. 446 U.S. 335, 349-50 (1980). An actual conflict of interest results if "the defense attorney was required to make a choice advancing his own interests to the detriment of his client's interests." United States v. Stoia, No. 93-1736, slip op. at 8 (7th Cir. May 2, 1994) (citations omitted).
 
 
 12
 Even if it is true that Polland used cocaine during Jackson's trial, the claim is not properly addressed in the conflict of interest context. Cocaine use, in and of itself, would not set Polland's interests against those of Jackson, and hence, does not invoke a question of divided loyalties; rather, the use of cocaine raises the specter of negligence or incompetency--an issue more appropriately addressed under Strickland. Moreover, the cases Jackson cites supporting reversal involve situations where defense counsel's vigorous representation of his client could have implicated him in criminal activity. United States v. Cancilla, 725 F.2d 867, 870 (2nd Cir.1984); Solina v. United States, 709 F.2d 160, 169 (2nd Cir.1983); see also Stoia, No. 93-1736, slip op. at 12 (actual conflict may have existed where defense of client would have shown that counsel violated his plea agreement with the government, forbidding him from representing criminal defendants while acting as a government informant). Jackson does not allege nor is there any indication in the record that Polland's activities and co-conspirators were in any way related to Jackson's criminal endeavors. Accordingly, there is no reason to suspect that a vigorous defense of Jackson would have been detrimental to Polland's interests.
 
 
 13
 Finally, Jackson does not demonstrate how the alleged conflict adversely affected Polland's performance at trial. Although he argues on appeal that "maybe another attorney would have sought a plea agreement in exchange for testimony against the [sic] Mr. Jackson's co-defendant," he did not make that argument before the district court, and it is waived. Smith v. Farley, No. 92-1299, slip op. at 2 n. 2 (7th Cir. May 13, 1994). Thus, Jackson does not demonstrate that an actual conflict of interest existed between him and Polland.
 
 
 14
 Jackson's last claim, that Polland failed to file a timely Notice of Appeal, lacks merit because an extension of time to file the Notice of Appeal was granted, and this court reviewed the appeal on the merits. See Jewel, 947 F.2d at 224. Hence, Jackson does not establish prejudice from his attorney's error.
 
 
 15
 Because the motion and the record fail to support Jackson's ineffective assistance of counsel claim, an evidentiary hearing would not be helpful, and the district court properly denied the Sec. 2255 motion.
 
 
 16
 AFFIRMED.