**UNITED STATES, of America, Plaintiff,**

**v.**

**John A. SEYBOLD, a/k/a Richard O'Callaghan, Defendant.**

**No. 92 C 4343.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 3, 1995.

new section is 49 U.S.C. § 41713 and is entitled "Preemption of authority over prices, routes, and service."

## OPINION AND ORDER

NORGLE, District Judge:

Defendant John A. Seybold has petitioned this court under 28 U.S.C. § 2255 for release from custody. He claims that he was coerced into accepting his plea agreement and that, therefore, his plea was neither voluntary nor knowledgeable. In addition, he claims that the presentence investigation conducted in his case will cause him to be "unlawfully adjudged and evaluated in a continuing manner" by the Parole Board under the sentencing guidelines.

### BACKGROUND

On July 27, 1989, John A. Seybold was indicted for federal criminal law violations in connection with a series of jewel thefts. Seybold elected to represent himself. The record is replete with the court's warnings to Seybold about the dangers of self-representation. Over Seybold's objection, the district court appointed standby counsel to assist him. On April 17, 1990, Seybold pleaded guilty to one count in the indictment, which alleged a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c). The Government then moved to dismiss the remaining counts. After a full hearing, conducted in accordance with Rule 11 of the Federal Rules of Criminal Procedure, the

district court accepted Seybold's guilty plea and entered a judgment of conviction.

The Government acknowledges that 28 U.S.C. § 2255 provides the opportunity for a collateral attack to criminal proceedings, rather than a direct appeal. "Relief will only be granted where the error ·is jurisdictional, constitutional, or ·is a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Haase v. United States,* 800 F.2d 123, 126 (7th Cir.1986). Where the defendant has failed to ´demonstrate any such error concerning either of his contentions in his motion, his plea agreement and conviction should be upheld, and his motion denied.

## DISCUSSION

Defendant appealed his conviction, arguing that his Sixth Amendment right to self-representation was denied by his standby counsel's interference in this case. He further claimed that he was unable to make an informed decision concerning his guilty plea because of the considerable pressure placed on him by standby counsel and because of lack of access to certain discovery materials. *United States v. Seybold,* 979 F.2d 582, 583, 585,.587 (7th Cir.1992).· The Seventh Circuit affirmed the district court's judgment of conviction stating, "We believe that Mr. Seybold waived his Sixth Amendment claim by pleading *guilty and that his plea was both knowing and voluntary.*" *Id.* at 583 (emphasis added).

█ The court agrees with the Government's position that, though § 2255 authorizes collateral attacks on criminal judgments, if the court of appeals has actually considered and rejected a claim on appeal, that decision binds the district court unless there has been an intervening change of law. *Page v. United States,* 884 F.2d 300 (7th Cir.1989) (citing *United States v. Mazak,* 789 F.2d 580 (7th Cir.1986)). Here, the Seventh Circuit has already considered the voluntariness of Defendant's guilty plea and affirmed the conviction. Defendant has failed to argue any intervening change in law which would warrant the district court re-examining the voluntariness of his plea. Thus, the applicable case law requires denial of Defendant's motion.

Furthermore, the transcripts of his guilty plea clearly show that his decision to plead guilty was made with full knowledge of the consequences and was entirely voluntary. The plea bargaining· process necessarily· exerts pressure on defendants to plead guilty and to abandon a series of fundamental rights. ˙ However, the government "may encourage a guilty plea by offering substantial benefits in return for the plea." *Corbitt v. New Jersey,* 439 U.S. 212, 219, 99 S.Ct. 492, 497, 58 L.Ed.2d 466 (1978).

Federal Rule of Criminal Procedure 11 sets forth the procedure for plea agreements. It specifically "ensures a colloquy that 'exposes a defendant's state of mind in the record through personal interrogation.'" *Key v. United States,* 806 F.2d 133, 136 (7th Cir.1986) (citing *United States v. Fountain,* 777 F.2d 351, 356 (7th Cir.1985), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986)). A guilty plea is voluntary "when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Henry,* 933 F.2d 553, 558 (7th Cir. 1991), (quoting *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)). The record demonstrates that Seybold made· emphatic statements regarding the voluntariness of his guilty plea.

At the sentencing the following exchange took place:

COURT: Now, have you entered into this plea-bargain agreement voluntarily? .

SEYBOLD: · Absolutely.

*Id.* at 12.

COURT: Now, you have brought to my attention, many, many facts that—some of which are related to this incident, and some are unrelated.

SEYBOLD: Yes.

COURT: But, is this your free and voluntary act to enter into this. plea-bargain agreement?

SEYBOLD: It is, absolutely, sir.

*Id.* at 38.

COURT: Now, Mr. Seybold, before we started this hearing, you knew then, as you know now, that you have an absolute right to remain silent, is that correct?

SEYBOLD: Yes, sir.

COURT: Did you decide to make these statement voluntarily?

SEYBOLD: I certainly did, sir.

COURT: Have you been coerced or threatened in any way to make these statements?

SEYBOLD: No, I haven't, sir.

COURT: Are you being pressured?

SEYBOLD: No, sir.

COURT: Are you being coerced or in any way influenced into saying what you are saying?

SEYBOLD: No, sir.

*Id.* at 44–45.

COURT: Now, this plea is a total, complete, full, and absolute plea of guilty, is that correct?

SEYBOLD: That's correct, your Honor.

◼◼◼ The Rule 11 compliance has special importance to collateral proceedings. The petitioner's declarations in open court carry a strong presumption of verity. *Thompson v. Wainwright,* 787 F.2d 1447 (11th Cir.1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). Voluntary responses made by a defendant under oath during a plea hearing before an examining judge are binding. *Bontkowski v. United States,* 850 F.2d 306, 314 (7th Cir.1988). "The representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceeding." *Thompson,* 787 F.2d at 1460.

During Defendant's hearing concerning his plea agreement, the district court conducted a thorough inquiry into Defendant's understanding and voluntariness in pleading, as required by Rule 11(d). Though Plaintiff claims in the motion at bar that his standby counsel coerced him into accepting the plea agreement, his testimony under oath in response to the district court's questions on that very issue directly contradicts his claim. The district court asked him four separate times whether Defendant entered into the plea agreement voluntarily, and on each occasion the Defendant replied that he voluntarily entered into the agreement.

The record clearly shows that the court asked the Defendant on three separate instances whether the defendant had been coerced into the agreement, and on every occasion he denied that he had been coerced. *See, United States v. Seybold,* 979 F.2d 582, 588 n. 6 (7th Cir.1992). The Seventh Circuit, in reviewing these transcripts, note, "when asked whether the plea was voluntary, Mr. Seybold answered affirmatively in the strongest terms." *Id.* at 588.

Moreover, the district court further inquired into Defendant's ability to fully understand the terms of the plea agreement, and again the defendant testified, under oath, that he not only fully understood the agreement, but also had done his own personal legal research on the issues and knew what he was doing:

COURT: Now, you were indicted in this case in 1989—that is, in August—and you have had months to think about it, is that right?

SEYBOLD: Yes, sir, I have.

COURT: And also, you had the opportunity to read the law or to discuss the law with Mr. Clark, is that correct?

SEYBOLD: Yes, sir.

COURT: And you have done your own personal research in this matter, haven't you?

SEYBOLD: Quite a bit, sir.

COURT: And you had access to law books?

SEYBOLD: Yes.

COURT: And in you various motions, you have cited cases, have you not?

SEYBOLD: Yes, sir.

COURT: So, have you researched the law, to the extent that you have been able to do so, regarding the issues in this case?

SEYBOLD: About 95 percent, sir.

COURT: And so, do you know what you're doing?

SEYBOLD: Yes, sir, I do.

COURT: Is this what you have personally decided to do?

SEYBOLD: Yes, sir, and I want to stress that there are extenuating circumstances which I'm going to make clear to you between now and the sentencing.

*See* Transcript of Proceeding, April 17, 1990, pp. 6–7.

The record demonstrates Defendant's fully voluntary, and entirely knowledgeable, decision to enter into the plea agreement at issue. He clearly understood the difference between the hearing on his plea of guilty and the sentencing hearing to come.

■ Defendant's second contention, that he is entitled to release from his sentence since the presentence investigation has resulted in unlawful adjudication and evaluation by the parole board, must be denied since he failed to raise any issues concerning the presentence investigation in his recent appeal. *See* Exhibit A, *United States v. Seybold,* 979 F.2d 582, 583 (7th Cir.1992).

■ The Government argues correctly that if inaccuracies exist in a presentence report, the time to object to such inaccuracies is at the time of sentencing and on direct appeal. *United States v. Benchimol,* 471 U.S. 453, 457, 105 S.Ct. 2103, 2106, 85 L.Ed.2d 462 (1985); *Theodorou v. United States,* 887 F.2d 1336, 1339 n. 4 (7th Cir. 1990). A district court cannot reach the merits of an appealable issue in a § 2255 proceeding unless that issue has been raised in a procedurally-appropriate manner. *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir.1989), (citing *Williams v. United States,* 805 F.2d 1301 (7th Cir.1986)), *cert. denied,* 481 U.S. 1039, 107 S.Ct. 1978, 95 L.Ed.2d 818 (1987); *Johnson v. United States,* 805 F.2d 1284 (7th Cir.1986). The question is not limited to whether the issue was raised on appeal, but rather whether the issue could have been raised but was not. *Williams v. United States,* 805 F.2d at 1308. *See United States v. Hendrix,* 752 F.2d 1226, 1234 (7th Cir.1985). Though defendant raised his objections to the presentencing report at the time of sentencing and in a post trial motion (*see* Defendant's motion at 3; motion attachment at 3), he failed to do so on appeal. Under these circumstances, he may not now raise this issue under 28 U.S.C. § 2255 unless he can demonstrate both cause, excusing his failure to raise the issue on direct appeal, and actual prejudice, resulting from the error of which he complains. *Williams v. United States,* 805 F.2d at 1306–07 (citing *Norris v. United States,* 687 F.2d 899 (7th Cir.1982)).

The following also occurred:

COURT: Now, one of the things that you have brought to my attention is that you have the right, if you decide to proceed on that basis, at the trial, to represent yourself, and you understand that by pleading guilty today, you are giving up the right to proceed to trial, at which you could represent yourself....

SEYBOLD: Yes, sir, I understand that. And I also understand that my—my pleading and going with this plea agreement, any of the motions that I put in become moot at this point and the guilty plea infers that I am willing to accept the sentence that you honor may pass—

COURT: Have you discussed that also with [standby counsel]?

SEYBOLD: Yes, sir.

Defendant cannot show cause for excusing his failure to raise the issue in his direct appeal since it is clear from his own motion that he was aware of the alleged inaccuracies in the presentence report at the time of the sentencing hearing and, indeed, he expressed his objections at that time. At the sentencing, Seybold made a very long, far-ranging statement. Since his motion lacks any plausible explanation for the omission of this issue on appeal, Defendant has failed to show good cause and is precluded from raising the issue in the instant motion. *Theodorou v. United States,* 887 F.2d 1336 (7th Cir.1989).

Furthermore, Defendant is unable to meet the actual prejudice element. Though he contends that "the parole board, as well as the records office of the prison institution, *would* base their decision as to the lawfully prescribed time which the petitioner must

serve," he nowhere states that the parole board has as of yet acted to his detriment as a result of the presentencing investigation.

Further, as Defendant admits in his motion, the court "systematically reviewed and 'struck out' certain parts of the p.s.i." (*See* motion, motion attachment at 2). Rule 32(c)(3)(D) provides that a written record of such findings or determinations shall be appended to and accompany any copy of the presentence report and thereafter made available to the Board of Prisons or Parole Commission. *United States v. Moran,* 845 F.2d 135, 138 (7th Cir.1988). This record aids both appellate courts in their review of sentencing, and administrative agencies that use the report in their own decisionmaking procedures. *United States v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir.1986). Therefore, any administrative agency acting on the report will be fully apprised of all Defendant's objections raised at the sentencing hearing.

 Moreover, where the parole board acts to the defendant's detriment, he must exhaust his administrative remedies before the Parole Commission, *see* 28 C.F.R. § 2.19(c), before he is eligible for habeas corpus relief. *United States v. Mittelsteadt,* 790 F.2d 39, 40 (7th Cir.1986). Before petitioning for a writ of habeas corpus, federal prisoners are ordinarily required to exhaust administrative and other available remedies. *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir.), *cert. denied,* 464 U.S. 861, 104 S.Ct. 189, 78 L.Ed.2d 167 (1983); *see also Sanchez v. Miller,* 792 F.2d 694 (7th Cir.1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987). Accordingly, Seybold must first undergo his parole hearing and all administrative appeals available to him before he can bring his petition for a writ of habeas corpus before this court.

Defendant claims that the presentence investigation is incorrect since his was a pre-guidelines offense. The Government's response points to Local Criminal Rule 2.07, General Rules of the United States District Court for the Northern District of Illinois, providing for Presentence Investigation in pre-guidelines cases. A presentence investigation in Defendant's case was required:

c. Presentence Investigations Required.

No defendant shall be sentenced or granted probation unless a presentence investigation has been conducted by the Probation Department of this Court and the report of the investigation filed with the Court, except as otherwise directed by the Court for reasons stated on record.

Local Rule 2.07.

Therefore, since Defendant is unable to show either good cause or any prejudice as a result of the presentencing investigation, he is unable to meet either of the two required standards as set forth in *Williams,* and may not raise this issue through a 28 U.S.C. § 2255 habeas petition. 805 F.2d 1310.

### CONCLUSION

For the foregoing reasons, since neither contention which the Defendant raised in his motion warrants relief under 28 U.S.C. § 2255, his motion is denied.

IT IS SO ORDERED.