**UNITED STATES of America, Plaintiff,**

**v.**

**William JOHNSON, Defendant.**

**Nos. 93 C 1213, 91 CR 855.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 7, 1995.

issues in this case. The mere filing of a complaint does not establish the truth of the assertions contained therein.

George Jackson, III, Eddie A. Stephens, U.S. Attorney's Office, Chicago, IL, for U.S.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is William Johnson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Petition is denied.

### BACKGROUND

On April 10, 1992, William Johnson ("Johnson") pled guilty to five counts. Counts I, II, and V charged Johnson with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). Count III charged Johnson with using and carrying firearms in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Count IV charged him with possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Johnson was sentenced to ten months incarceration to run concurrently on each of Counts I, II, IV, and V. He was also sentenced to sixty months incarceration on Count III, to run consecutive to the other counts. Johnson did not appeal his conviction or his sentence.

In February 1993, Johnson submitted a *pro se* Petition for a Writ of Habeas Corpus. Johnson's Petition is largely incomprehensible. However, the court has been able to discern an attempt to allege the following claims as bases for habeas relief: (1) his plea of guilty was not voluntary; (2) this court abused its discretion in finding the defendant guilty; (3) the defendant did not have a "safe" opportunity to challenge the presentence investigation report ("PSI"); (4) the base offense level should have been zero as opposed to twelve; (5) no firearm was presented in evidence; (6) the court failed to

resolve disputed sentencing factors as required by Guideline § 6A1.3; (7) the court improperly enhanced his sentence because he refused to assist the government; (8) the court erred by sentencing him to prison as opposed to probation; (9) the court erred in its relevant conduct determination for sentencing; (10) there was no probable cause for his arrest; (11) violations of Federal Rule of Criminal Procedure 32(c); and (12) grand jury irregularities under Federal Rule of Criminal Procedure 6(d).

### DISCUSSION

The applicable legal framework for evaluating a petition pursuant to 28 U.S.C. § 2255 is well settled. Relief under § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir.1978) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974)); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991). Before the court decides whether a petitioner's claim meets this standard, it must first determine whether the claim asserted is made in a procedurally appropriate fashion. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir.1989).

A § 2255 petitioner is barred from raising three types of issues: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the § 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *United States v. Rodriguez*, 792 F.Supp. 1113, 1114–15 (N.D.Ill.1992) (citing *Norris v. United States*, 687 F.2d 899 (7th Cir.1982)). However, a petitioner need not show prejudice when he demonstrates that he directed counsel to perfect an appeal and counsel failed to do so, or when counsel abandons the appeal. *Costellanos v. United States*, 26 F.3d 717 (7th Cir.1994). Johnson has asserted neither of these factual scenarios and, therefore, must show both cause for and prejudice from his failure to raise any constitutional issues on direct appeal.

Johnson is procedurally barred from raising all of his claims, including the voluntariness of his plea, because he failed to raise them on direct appeal, and he has made no showing of cause for and prejudice from that failure. *See Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir.1992); *Basile v. United States*, 999 F.2d 274, 276–77 (7th Cir.1993). Although a *pro se* submission is to be liberally construed, *Blake v. United States*, 841 F.2d 203, 205 (7th Cir.1988), a court must respect the limitations on its power under a § 2255. *See United States v. Springs*, 988 F.2d 746, 748 (7th Cir.1993). Even if his Petition can even be construed as attempting to demonstrate cause and prejudice, Johnson, at best, has done nothing more than state conclusory allegations. Conclusory allegations alone are insufficient to show the "cause" and "prejudice" necessary to overcome a procedural default. *Oliver*, 961 F.2d at 1341. Therefore, he is barred from raising his claims in this court.

The fact that Johnson pleaded guilty to the charges, acts as an additional bar to claims that his conviction was unconstitutional. "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir.1989).

Even if the court were to entertain Johnson's claim that his guilty plea was involuntarily, he would not be entitled to relief. The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). The guilty plea "must be an intelligent act 'done with sufficient awareness of the relevant circumstances and likely consequences.'" *McMann v. Richardson*, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25

L.Ed.2d 747 (1970)). Guilty pleas are generally accorded finality. *See Blackledge v. Allison,* 431 U.S. 63, 69–72, 97 S.Ct. 1621, 1627–28, 52 L.Ed.2d 136 (1977). A defendant seeking to overturn his guilty plea bears the burden of persuasion as to its alleged involuntariness. *United States v. Wildes,* 910 F.2d 1484, 1486 (7th Cir.1990).

In accepting a guilty plea, the district court must comply with the requirements outlined in Federal Rule of Criminal Procedure 11. *United States v. Suter,* 755 F.2d 523, 525 (7th Cir.1985). Rule 11(c)(1) sets forth procedures "designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary." *McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969) (footnote omitted).[1]

 Rule 11(c)(1) "expressly directs the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea." *United States v. Montoya,* 891 F.2d 1273, 1292 (7th Cir.1989). As a rule, failure to comply with Rule 11(c)(1) constitutes reversible error. *United States v. Peden,* 872 F.2d 1303, 1306 (7th Cir.1989).

 Johnson's claim that his guilty plea was involuntary is unsupported and conclusory. Johnson's Petition merely states that his guilty plea was "EXTRACTED BY FORCE, THREATS, AND INTIMIDATIONS, being OBVIOUSLY ABSENCE [sic] OF ALL VOLUNTARINESS [sic], AND KNOWLEDGE." (Pet. at 2.) Johnson has offered no evidence, nor made any specific factual allegations which would require the court to conduct an evidentiary hearing regarding this allegation. Dismissal of his Petition is warranted simply because he alleges mere legal conclusions. *Blackledge,* 431 U.S. at 73–74, 97 S.Ct. at 1629.

 Furthermore, Johnson identifies no specific violation of Rule 11 in his Petition. Insuring that a defendant's plea is voluntary is the purpose of the procedures set forth in Rule 11. *Peden,* 872 F.2d at 1309. Johnson's "declaration in open court that his plea was not the product of threats or coercion carries a strong presumption of veracity." *Politte v. United States,* 852 F.2d 924, 931 (7th Cir.1988) (quoting *United States v. Darling,* 766 F.2d 1095, 1101 (7th Cir.1985)); *United States v. Seybold,* 876 F.Supp. 991 (N.D.Ill.1995). The transcripts of the April 10, 1992, Rule 11 colloquy demonstrate that the court carefully questioned Johnson to ensure that his guilty plea was knowingly and voluntarily given.

At the plea hearing, the court determined that Johnson understood the nature of the charges brought against him, the factual basis for the plea, the mandatory minimum and potential maximum sentences which could be imposed, and the constitutional rights that would be waived by pleading guilty. The court then specifically asked him, "Are you being threatened in any way?" Johnson replied in the negative. The court followed this question by asking, "Are you being forced into this?" Again, Johnson replied in the negative. The court then asked Johnson, "Are you being pressured into [pleading guilty]." Johnson answered "No." The court then asked him specifically, "[i]s this what you want to do?" Johnson answered "Yes." Later in the hearing, the court asked Johnson the same questions again, and Johnson confirmed his answers. Before accepting Johnson's guilty plea, the court asked, "Mr. Johnson, do you persist in your plea of guilty to Count 1, Count 2, Count 3, Count 4 and Count 5 of the indictment?" Johnson replied "Yes." Johnson has presented no specific factual allegations nor presented any evidence which undermines the presumption of

---

1. Federal Rule of Criminal Procedure 11(c)(1) provides that:

 Before accepting a plea of guilty or *nolo contendere,* the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) the nature of the charge to which the

plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term or term of supervised release and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense.

verity accorded to his sworn statements. Accordingly, his Petition is denied.

### CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.